CLINTON HOTEL REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104314.   Promulgated August 8, 1941.

*Theodore Witkin, C. P. A.*, for the petitioner.
*J. Marvin Kelley, Esq.*, for the respondent.

OPINION.

ARUNDELL: The issue before us is whether $21,000 received by the petitioner on June 3, 1935, under the terms of the lease executed on that date is includable in petitioner's gross income for the taxable year. The petitioner contends that the sum was a deposit paid as security for the lessee's performance and that its repayment might be compelled in certain contingencies. Accordingly, he argues that it was not income. To bolster his position he points to the fact that the lessor was required to pay interest on the sum deposited.

The respondent's argument for inclusion of the sum in income is based on the petitioner's unfettered control in using the $21,000 payment and on the fact that it was to be applied to rentals due under the lease. He therefore contends that the payment was an advance rental.

The question may be reduced to one of determining whether, on the basis of all the facts adduced, the payment was more nearly an advance rental or a security deposit. Once that determination is made, the applicable legal principles are not to be questioned. Sums

paid in advance, to be applied to rentals falling due in later years, are income to the taxpayer at the time of receipt where his control of the funds is unfettered, even though under certain contingencies he may be compelled to refund certain portions of these payments. *Edwin B. De Golia*, 40 B. T. A. 845; *Renwick* v. *United States*, 87 Fed. (2d) 123; *Commissioner* v. *Lyon*, 97 Fed. (2d) 70; *Grand Central Public Market, Inc.* v. *United States*, 22 Fed. Supp. 119. On the other hand, sums deposited solely for purposes of security, which are to be refunded to the lessee on his completion of performance unless appropriated to compensate for specified defaults, do not constitute income and may not be taxed to the lessor. *George E. Barker Estate*, 13 B. T. A. 562; *Warren Service Corporation*, 39 B. T. A. 856; modified, 110 Fed. (2d) 723.

The facts in the instant case bring it within the principle first stated. The petitioner here received the payment in question without restriction as to its use, to serve as security for the lessee's performance up until the last year of the lease, when it was to replace the rental due for that year. In the event of the destruction of the premises, if the lessor elected not to rebuild, the sum was to be refunded. This latter circumstance, however, was in the nature of an intervening condition which does not disturb the petitioner's present use of the funds.

The petitioner points to the fact that it was obligated to pay interest on the $21,000 payment. This interest, however, was to be credited on the rent due from the lessee, and in that circumstance it has been held that the nature of the advance payment as rent is not altered by the interest provision. *Commissioner* v. *Lyon*, *supra*. Argument is further made by the petitioner that, since the real estate broker was not to receive his commission on the payment until 1944, it may not be regarded as earned until then. This contention, however, falls beside the point when it is seen that the basis for taxing to the petitioner the payment in question is its receipt of the sum during the taxable year under an unfettered right to retain and use the funds, subject only to the intervention of developments which might cut off that right. Moreover, it is not plain that the commission was not payable until 1944, since the broker received $1,000 at the time of the execution of the agreement.

As we have pointed out, decisions in the present and similar situations must turn largely on an appraisal of all the facts. In these circumstances the answer is to be found in an assembly of all of the circumstances of one case rather than in a comparison of isolated facts in separate cases. Applying this method to the present case, it must be concluded that the payment was advance rental, and accordingly it is to be taxed to the petitioner in the year of its receipt.

The petitioner places his entire reliance on an unpublished memorandum opinion of the Board, *Authentic Realty Co.* (Aug. 5, 1940). Viewing all of the pertinent facts there, we concluded that the deposit was intended principally as security for the lessee's performance. It was provided primarily to cure defaults in current rentals and, in the event there were no defaults, a material portion of the deposit was to be refunded to the lessee. The full and unfettered control of the funds which is found in the present case was there lacking. Our conclusion here thus does not conflict with that holding.

*Decision will be entered for the respondent.*